UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE FOMBY,

                Petitioner,

                                    CASE NO. 05-CV-73187-DT
v.                               HONORABLE ARTHUR J. TARNOW

ANDREW JACKSON,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

I.      <u>Introduction</u>

      Michigan prisoner Terrance Fomby ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner is confined at the Mound Correctional Facility in Detroit, Michigan.  Petitioner was convicted of assault with intent to commit murder and possession of firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002 and was sentenced as a second habitual offender to consecutive terms of 16 to 30 years imprisonment and two years imprisonment.  Petitioner's sole claim on habeas review is that the trial court violated his constitutional rights by excluding evidence that his sister had a prior confrontation with the victim.  For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

II.  <u>Facts</u>

Petitioner's convictions arise from the shooting of Mark Reed at a residence in Detroit, Michigan on March 24, 2001.  Prior to trial, the prosecution moved to preclude the defense from eliciting testimony that Petitioner's sister, Coretta Foster, who lived in the flat above Reed, had a prior dispute with Reed on December 19, 2000, after which she pressed assault charges. Petitioner was not present during that altercation, nor was he living with Foster at that time or at the time of the shooting.  The trial court ruled that the prior act was irrelevant and inadmissible.

At trial, Mark Reed testified that he lived below Coretta Foster's flat and that he was disturbed by loud music and stomping noises near 2:00 a.m. on March 24, 2001.  He got dressed, went outside on the porch, and rang Foster's doorbell to complain about the noise.  Petitioner answered the door and the two men exchanged words.  Reed then refused to talk to Petitioner because he did not live there.  As Reed left to return to his own flat, Petitioner shot him five times.  Reed testified that when he fell down near his front door, Petitioner stood over him and fired his gun until it was empty.  Petitioner then fled the scene.  Reed suffered multiple gunshot wounds and was hospitalized for about one month.  Medical testimony confirmed the extent of Reed's injuries and revealed that he may have been drinking on the day of the shooting.

On cross-examination, Reed acknowledged that he was upset about the noise and that this was not the first time that he had complained about noise at the Foster residence.  Reed stated that he had summoned the police on prior occasions.  On re-cross examination, defense counsel elicited additional testimony about the prior complaints.

Cassia Giles testified that she was in bed with Reed and awakened by noise on the night of the shooting.  She saw Reed get up, heard him leave their flat, heard him ring Foster's doorbell, and heard him speaking to Foster.

Petitioner testified in his own defense.  He testified that he lived in Grand Rapids and was visiting his sister with a woman named Stacy on the night of the shooting.  Petitioner admitted that he and Reed argued when Reed came to the door to complain about the noise, but denied having a gun and denied shooting Reed.  Petitioner claimed that he heard shots being fired as he started to return to Foster's flat, so he covered his head for protection and ran away in fear for his life.  He subsequently called Foster's flat and spoke to Stacy who picked him up to return to Grand Rapids.  Petitioner said that he did not return to the scene of the shooting because he did not want to be arrested for failure to pay child support.  When he learned that the police had issued a warrant for his arrest, he called the Grand Rapids police and surrendered.

Coretta Foster also testified at trial.  She said that Petitioner was her brother and she recalled the confrontation between Petitioner and Reed.  When Petitioner could not get Reed to leave, she told him that she was going to call the police.  As she called the police from her upper flat, she heard Petitioner leave and heard gunshots.

At the close of trial, the jury convicted Petitioner of assault with intent to commit murder and felony firearm.  The trial court subsequently sentenced him as a second habitual offender to consecutive terms of 16 to 35 years imprisonment and two years imprisonment.

III.    <u>Procedural History</u>

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claim contained in the present petition.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Fomby*, No. 244908, 2004 WL 550744 (March 18, 2004) (unpublished).  Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Fomby*, 471 Mich. 886, 688 N.W.2d 504 (2004).

Petitioner thereafter filed his federal habeas petition, asserting the following claim as a basis for relief:

> The circuit judge violated Defendant Fomby's rights to confrontation, to present his defense, and to due process by suppressing evidence relating to bias and motive and to the defense theory that the shooting was done by someone else.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

IV.    <u>Analysis</u>

A.    <u>Standard of Review</u>

Federal law imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

Fomby v. Jackson
05-CV-73187-DT
Page 5 of 9

(2)      resulted in a decision that was based on an unreasonable
         determination of the facts in light of the evidence presented in the
         State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual

determinations.  28 U.S.C. § 2254(e)(1).

B.      Habeas Claim

Petitioner asserts that he is entitled to habeas relief because the trial court violated his

constitutional rights to confrontation, to present a defense, and to due process by suppressing

evidence of a prior dispute between the victim, Mark Reed, and Petitioner's sister.  Petitioner

claims that the exclusion of the evidence diminished his defense that Reed was the aggressor and

had a reason to lie about who shot him.  Respondent contends that this claim lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not

cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Only when

an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it

violate due process and warrant habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.

2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

The Michigan Court of Appeals denied relief on this claim, stating:

The trial court granted the prosecution's oral motion *in limine* to exclude evidence
regarding a previous physical confrontation between complainant and defendant's
sister on the ground that such evidence was inadmissible because defendant was
not present during the incident.  Complainant testified that defendant shot him
several times when he went to the door of defendant's sister's residence to

5

complain about noise.  Defendant denied he shot complainant.  The jury found
defendant guilty as charged.

Generally, all relevant evidence is admissible.  Relevant evidence is evidence
having any tendency to make the existence of any fact which is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.  MRE 401.  Relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice.
MRE 403.  We review the trial court's decision to admit or exclude evidence for
an abuse of discretion.  *People v Werner*, 254 Mich App 528, 538; 659 NW2d
688 (2002).

We affirm defendant's convictions.  A preserved nonconstitutional error is
presumed to be harmless.  The defendant bears the burden of showing that the
error resulted in a miscarriage of justice.  The error justifies reversal if it is more
probable than not that it affected the outcome of the case.  *People v Lukity*, 460
Mich 484, 493-496; 596 NW2d 607 (1999).  The evidence showed that defendant
and complainant were alone on the porch when shots were fired.  Complainant
alleged that defendant shot him, but defendant denied shooting complainant and
asserted that he ran from the scene because he thought complainant was firing
shots at him.  Evidence of the prior incident, which involved complainant and
defendant's sister but not defendant, would have been irrelevant in that it would
not have aided the jury in resolving the issue of whether defendant shot
complainant.  MRE 401.  Complainant admitted that prior to the shooting he had
gone to defendant's sister's residence on several occasions to complain about
noise, but that his visits had not produced satisfactory results.  The jury was aware
that complainant had previous confrontations with persons in defendant's sister's
residence, but nevertheless exercised its prerogative to accept complainant's
testimony regarding the shooting incident and to reject that given by defendant.
*People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).  Defendant
has not shown that it is more probable than not that had the evidence regarding
the confrontation between complainant and his sister been admitted it would have
affected the outcome of the case. *Lukity, supra*.

*See Fomby*, 2004 WL 550744 at *1.

The Michigan Court of Appeals did not address whether the alleged error constituted a

denial of Petitioner's federal rights.  Accordingly, this Court must conduct an independent

review of the state court's decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).

This independent review requires the federal court to "review the record and applicable law to

determine whether the state court decision is contrary to federal law, unreasonably applies

clearly established law, or is based on an unreasonable determination of the facts in light of the

evidence presented."  *Id*.  This independent review "is not a full, *de novo* review of the claims,

but remains deferential because the court cannot grant relief unless the state court's result is not

in keeping with the strictures of the AEDPA."  *Id*.

Petitioner asserts that the exclusion of the evidence violated his right of confrontation and

his right to present evidence in his own defense.  The Confrontation Clause of the Sixth

Amendment guarantees a criminal defendant the right to confront the witnesses against him.

"The  main and essential purpose of confrontation is to secure for the opponent the opportunity

of cross-examination."  *Davis v. Alaska*, 415 U.S. 308, 315 (1973).  "Cross-examination is the

principal means by which the believability of a witness and the truth of his testimony are tested.

Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing

interrogation, the cross-examiner is not only permitted to delve into the witness's story to test the

witness's perceptions and memory, but the cross-examiner has traditionally been allowed to

impeach, *i.e.*, discredit the witness."  *Id.* at 314.

The right of cross-examination, however, is not absolute.  "[T]rial judges retain wide

latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such

cross-examination based on concerns about, among other things, harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally

relevant." *Delaware v. VanArsdall*, 475 U.S. 673, 679 (1986); *see also Norris v. Schotten*, 146

F.3d 314, 329-30 (6th Cir. 1998).

Additionally, the right of an accused to present a defense has long been recognized as "a

fundamental element of due process." *Washington v. State*, 388 U.S. 14, 19 (1967). However,

"a defendant's right to present evidence is not unlimited, but rather is subject to reasonable

restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). "A defendant's interest in

presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal

trial process." *Id.* (internal quotations omitted).

In determining whether the exclusion of evidence infringes upon a defendant's rights, the

question is not whether the excluded evidence would have caused the jury to reach a different

result. Rather, the question is whether the defendant was afforded "a meaningful opportunity to

present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California

v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302

(1973).

Having reviewed the record, this Court concludes that the trial court's evidentiary ruling

did not violate Petitioner's constitutional rights nor deny him a fair trial. First, Petitioner had

sufficient opportunity to cross-examine Mark Reed about the incident, his ability to identify the

shooter, and his noise complaints. Petitioner was allowed to impeach Mark Reed by eliciting

testimony that Reed was angry on the night of the shooting, that Reed may have been drinking,

Fomby v. Jackson
05-CV-73187-DT
Page 9 of 9

and that Reed had prior complaints about noise coming from the Foster residence.  Thus, the jury

was well aware that Reed had a history of disputes with people at the Foster residence.  Second,

Petitioner had a meaningful opportunity to present a defense.  He claimed that he did not shoot

the victim.  Petitioner was able to testify and present evidence that he did not commit the

shooting.  Petitioner did not claim that he acted in self-defense.  Petitioner was able to impeach

Mark Reed and to present evidence of possible bias or motive to lie.  The exclusion of

additional, cumulative evidence did not deprive him of a fair trial.  *See, e.g., Davis v. Burt*, 100

Fed. Appx. 340, 350 (6th Cir. 2004); *McCullough v. Stegall*, 17 Fed. Appx. 292, 295 (6th Cir.

2001).  Petitioner has failed to establish that the trial court's evidentiary ruling violated his

constitutional rights or denied him a fundamentally fair trial.  Habeas relief is not warranted.

V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas

relief on the claim presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/Arthur J. Tarnow
Arthur J. Tarnow

Dated: March 26, 2007          United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 26, 2007,
by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

9